UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

KATHY ADAMS, on her own behalf
and others similarly situated,

    Plaintiff,

v.                                    CASE NO.

FMRS, INC., a Florida Corporation,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff, KATHY ADAMS, (hereinafter referred to as "Plaintiff"), was an employee of Defendant, FMRS, INC., a Florida Corporation (hereinafter referred to as "Defendant"), and brings this action on behalf of herself and other current employees and former employees of Defendants similarly situated to her for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

2. In one or more weeks between approximately March 2008 and June 2009, Plaintiff performed non-exempt clerical work and related duties for Defendant in Pinellas County.

3. Defendant, FMRS, INC., has at all times material hereto been engaged in business at multiple locations including in Pinellas County, Florida, within the jurisdiction of this Court. It is the intent of this collective action to apply to all similarly situated employees regardless of location.

4. This action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of 29 U.S.C. §216(b).

5. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b).

6. At all times material to this Complaint, FMRS, INC. has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

7. Based upon information and belief, the annual gross sales volume of FMRS, INC. was in excess of $500,000.00 per annum at all times material hereto.

8. At all times material to this Complaint, FMRS, INC. was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt clerical employees who have worked in excess of Forty (40) hours during one or more work weeks on or after October 2006 and did not receive time and a half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

10. Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during her employment with Defendants between approximately March 2008 and June 2009.

11. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendants.

12. However, Defendants did not pay time and a half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to her in one or more work weeks between October 2006 and the present.

13. Based upon information and belief, Defendants failed to maintain records of the start times, stop times, actual hours worked each day, and total hours worked each week by Plaintiff and the other similarly situated employees for each and every work week between October 2006 and

the present.

14. The complete records concerning the compensation actually paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

15. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 14 above.

16. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of Forty (40) hours per work week for Defendants between approximately March 2008 and June 2009.

17. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid in one or more work weeks between October 2006 and the present.

18. Defendants knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to her at time and one-half of their regular rate of pay for all hours worked in excess of Forty (40) per week.

19. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorneys' fees.

20. As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to her) are entitled to liquidated damages.

21. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs

incurred in this action.

22. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, KATHY ADAMS, and those similarly situated to her who have or may opt into this action, demand judgment against Defendant, FMRS, INC., for the payment of all overtime hours at one and one-half their regular rate of pay for the hours they worked for which they have not been properly compensated, liquidated damages and reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

Dated: October 19, 2009
Boca Raton, Florida

Respectfully submitted,

Keith M. Stern
Florida Bar No. 321000
E-mail: kstern@shavitzlaw.com
Michael L. Scheve
Florida Bar No. 0033640
E-mail: mscheve@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Attorneys for Plaintiff